The document below is hereby signed.

Signed: May 18, 2016



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| RUBY LEE STARKEY, | ) | Case No. 15-00659 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION REGARDING OBJECTION
TO CONFIRMATION OF THE DEBTOR'S AMENDED PLAN

The debtor's amended plan refers to the creditor holding a deed of trust against the debtor's home as Ocwen Loan.[1] That creditor has filed an objection to confirmation of the debtor's amended plan.

I

Specifically, Ocwen Loan objects that payment of its claim for arrears is not provided for by the plan. However, the amended plan provides that Ocwen Loan's claim, if an 11 U.S.C.

---

[1] The creditor describes itself as "The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass Through Certificates Series 2004-KS6 (Ocwen Loan Servicing LLC, servicer)."

§ 1322(b)(5) claim (without regard to whether it is secured or unsecured, and without regard to whether arrears are owed or not) will be paid by the debtor directly, without any specification of when the claim is to be paid.[2]  Ocwen Loan's proof of claim reveals that the last payment on its claim is due in 2034, long "after the date on which the final payment under the plan is due" within the meaning of § 1322(b)(5).  Because the claim *is* a § 1322(b)(5) claim, the plan provides that the entirety of the claim will be paid directly by the debtor.  The debtor has *not* elected to treat the claim under § 1322(b)(5): her amended plan does not "provide for the curing of any default within a reasonable time and maintenance of payments while the case is

---

[2]  The amended plan includes a part C, which provides:

**DIRECT PAYMENTS:** THE DEBTOR SHALL PAY DIRECTLY THE FOLLOWING CLAIMS, TO THE EXTENT THEY ARE 11 U.S.C. § 1322(b)(5) CLAIMS (THE FINAL PAYMENT UNDER THE PLAN BEING TREATED AS DUE IN 60 MONTHS) OR ARE ALLOWED SECURED CLAIMS AND CLAIMS ARISING FROM THE FOLLOWING LEASES WHICH THE DEBTOR HEREBY ASSUMES:
  **Ocwen Loan**

pending" within the meaning of § 1322(b)(5).[3]  The effect and the intent of the amended plan is that the claim is to be left "unaffected" by the amended plan within the meaning of 11 U.S.C. § 1322(b)(2), and that the claim is a claim that is not "provided for" by the amended plan within the meaning of 11 U.S.C. § 1328(a), and thus unaffected by the discharge the debtor may receive.  See In re Park, 532 B.R. 392, 398 (Bankr. M.D. Fla. 2015); Southcoast Credit Union v. Dukes (In re Dukes), 2015 WL 3856335, at *5 (Bankr. M.D. Fla. June 19, 2015).  As such, Ocwen

---

[3]  The amended plan includes a part B, which provides:

**11 U.S.C. § 1322(b)(5) CLAIMS**: THE DEBTOR SHALL MAINTAIN POST-PETITION PAYMENTS DIRECTLY WHILE CASE IS PENDING AND THE TRUSTEE WILL CURE ALL PRE-PETITION ARREARS, COSTS, AND FEES OF THE FOLLOWING CLAIMS:

    -- WITH FULL 100% PAYMENT:

    -- WITH FULL 100% PAYMENT PLUS 6% POST-CONFIRMATION
    INTEREST PER ANNUM:

The debtor did not elect to treat Ocwen Loan's claim under that part of the amended plan.

Loan's rights are undisturbed by the amended plan.[4]

II

Alternatively, if the amended plan's provision that the debtor will pay the claim directly were construed as resulting in the claim being one "provided for" by the amended plan, then among the parts of the claim being provided for would be the existing arrearage claim: the debtor is required to pay the entire claim directly, with the amended plan implicitly leaving it to non-bankruptcy law to control when payments are due. Interpreted in that fashion, the amended plan leaves the date for curing the arrears to non-bankruptcy law, which is necessarily a provision for a cure within a reasonable period of time. Interpreted in that fashion, the amended plan would be a plan that provides "for the curing of any default within a reasonable time and maintenance of payments while the case is pending" within the meaning of § 1322(b)(5).  In that event, the claim

---

[4] The amended plan provides for holders of allowed secured claims to retain the liens securing such claims.  Upon obtaining relief from the automatic stay of 11 U.S.C. § 362(a), Ocwen Loan might foreclose upon the property.  I do not address the impact of the amended plan on any unsecured deficiency claim owed Ocwen Loan after a foreclosure sale is completed during the pendency of the case.  That is, I do not address whether, upon that occurring, the unsecured debt could be considered no longer a § 1322(b)(5) claim (and hence could be considered subject to the provisions of the amended plan dealing with unsecured claims) and whether, if, instead, the claim remains a § 1322(b)(5) claim, the debtor would have to modify her amended plan to make provision for the unsecured claim in order for it to be subject to discharge.

will be expressly excepted from discharge by § 1328(a)(1), and Ocwen Loan retains its rights under nonbankruptcy law.[5]

Although it will not affect the outcome in this case, I note that this alternative interpretation (that the amended plan's directive that the debtor is to pay Ocwen Loan's claim directly makes the claim one "provided for by the plan" within the meaning of § 1328(a)) is subject to criticism for the following reasons. If followed, the interpretation might result in an argument regarding the debtor's entitlement to a discharge if the debtor, after completing amended plan payments to the trustee, has failed timely to make required payments to Ocwen Loan. The debtor is only entitled to a discharge "after completion by the debtor of all payments under the plan . . . ."  11 U.S.C. § 1328(a). If a claim for which payments are to be maintained directly by a debtor is a claim "provided for" by the plan, and such payments are "payments under the plan" within the meaning of § 1328(a), that debtor would literally have not completed all payments under the plan and would be ineligible for a discharge. *See In re Evans*, 543 B.R. 213, 225-26 (Bankr. E.D. Va. 2016). However, if the claim is viewed as being provided for under § 1322(b)(5),

---

[5] The treatment is not, instead, a surrender of the property securing the claim within the meaning of 11 U.S.C. § 1325(a)(5)(C). That is because the amended plan does not provide for a lifting of the automatic stay of 11 U.S.C. § 362(a) in order that the property is surrendered to the processes of nonbankruptcy law.

5

§ 1328(a)(1) would except the claim from discharge.  It would not matter to that creditor whether the debtor receives a discharge, and the lack of payments to that creditor would not be a concern of other creditors.  Denying a discharge in that circumstance would seem silly.

That weighs in favor of viewing Ocwen Loan's claim as being left unaffected by the amended plan within the meaning of § 1322(b)(2), and as thus not "provided for" by the amended plan within the meaning of § 1328(a).  The provision for direct payment of that claim, with the amended plan being silent as to when payments are to be made, means that the payments are not governed by the amended plan, and that such direct payments are not payments "under the plan" within the meaning of § 1328(a).  Thus, the lack of such payments does not affect the debtor's entitlement to a discharge.

III

Regardless of which way the amended plan is interpreted, it leaves Ocwen Loan's rights unaltered.  It follows that Ocwen Loan's objection is without merit.  An order follows confirming the plan.

[Signed and dated above.]

Copies to: Recipients of electronic notice of filings.